**Abatement Order filed April 10, 2014.**



In The

# Fourteenth Court of Appeals

————————

## NO. 14-13-00922-CR

————————

**KAREN WOODING BRYANT, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Criminal Court at Law No. 8
Harris County, Texas
Trial Court Cause No. 1872448**

## ABATEMENT ORDER

The reporter's record in this case was due **November 11, 2013**. *See* Tex. R. App. P. 35.1. On November 14, 2013, this court ordered the court reporter, **Sondra Humphrey,** to file the record within 30 days. On December 6, 2013, the court reporter filed a motion for extension of time to file the record, which was granted until January 6, 2014, with a notation that no further extensions would be granted absent exceptional circumstances. The record was not filed. On January 15, 2014,

this court again ordered the court reporter to file the record within 30 days, and instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. On February 25, 2014, the court reporter informed this court that she had not received payment for the record. On February 26, 2014, appellant provided this court with proof of payment of the record, and the due date for the reporter's record was set at **March 28, 2014**. The court reporter has not filed the record or a request for a further extension of time.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the **County Criminal Court at Law No. 8** to conduct a hearing at which the court reporter, appellant's counsel, and the State's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days** of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the supplemental record is filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may

reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Donovan and Brown.